NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| MUSHEBAIG JEHANGIRBAIG MIRZA, AKA Musheb Mir, AKA Musheb Mizra, AKA Sheb Moniker, AKA X. Sheb, | ) ) ) ) ) | No. 09-71074

Agency No. A039-731-415

**MEMORANDUM**[*] |
| Petitioner, | ) ) | |
| v. | ) ) | |
| ERIC H. HOLDER Jr., Attorney General, | ) ) ) | |
| Respondent. | ) ) ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2011[**]
Pasadena, California

Before:    FERNANDEZ and CALLAHAN, Circuit Judges, and TIMLIN,[***]
District Judge.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]The Honorable Robert J. Timlin, Senior United States District Judge for the Central District of California, sitting by designation.

Mushebaig Jehangirbaig Mirza, a native and citizen of India, petitions for review of the Board of Immigration Appeals' denial of his application for asylum,[1] withholding of removal,[2] and Convention Against Torture (CAT) relief.[3]  We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992).  "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed."  Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).  When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817.

Mirza has not met that burden.  That is, he has not shown that he has a well-

---

[1] 8 U.S.C. § 1158.

[2] 8 U.S.C. § 1231(b)(3).

[3] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85 (implemented at 8 C.F.R. § 208.18).

founded fear of future persecution[4] that is "'both subjectively genuine and objectively reasonable.'" Halim v. Holder, 590 F.3d 971, 976 (9th Cir. 2009). Among other things, the evidence does not compel a determination that he would be singled out individually because he is Muslim,[5] despite the fact that there are problems between the Hindu and Muslim communities in India. Moreover, the evidence does not compel a finding that there is a pattern or practice of persecution of Muslims in India. See Lolong, 484 F.3d at 1178. Rather, the evidence supports the determination that there is no systematic persecution of Muslims in India,[6] and that the government does not countenance attacks upon Muslims.[7] Indeed, in both instances that Mirza had an opportunity to observe, the advent of the police dispersed the miscreants. See Halim, 590 F.3d at 977. We also note that many of Mirza's family members continue to reside in India without significantly untoward results. See Mansour v. Ashcroft, 390 F.3d 667, 673 (9th Cir. 2004).

---

[4]He did not assert before the BIA that he had suffered past persecution and does not assert that here either.

[5]See Lolong v. Gonzales, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc); see also Wakkary v. Holder, 558 F.3d 1049, 1062 (9th Cir. 2009). By the way, he did not argue to the BIA that he was in a disfavored group and was likely to be targeted as such. Halim, 590 F.3d at 977. We will not, therefore, consider that argument. See Segura v. Holder, 605 F.3d 1063, 1066 (9th Cir. 2010).

[6]See Castro-Martinez v. Holder, 641 F.3d 1103, 1109 (9th Cir. 2011).

[7]See Gomes v. Gonzales, 429 F.3d 1264, 1267 (9th Cir. 2005).

Because Mirza did not meet his burden regarding asylum, he necessarily failed to establish eligibility for withholding of removal. See Liu v. Holder, 640 F.3d 918, 926 n.5 (9th Cir. 2011); Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir. 1995).

Finally, the evidence in the record does not compel a determination that it is more likely than not that Mirza would be tortured in India. Thus, he is not entitled to CAT relief. See Wakkary, 558 F.3d at 1067–68; Almaghzar v. Gonzales, 457 F.3d 915, 922–23 (9th Cir. 2006); Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir. 2006).

Petition DENIED.