NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAVIER RAMIREZ SALASAR, AKA Javier Ramirez, AKA Javier Ramirez-Salazar, <br><br>               Petitioner, <br><br>   v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br>               Respondent. | No.    14-73562 <br><br> Agency No. A092-877-458 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Javier Ramirez Salasar, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying cancellation of removal and denying his motion

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo questions of law. *Tamang v. Holder,* 598 F.3d 1083, 1088 (9th Cir. 2010). We review for abuse of discretion the denial of a motion to remand. *Romero-Ruiz v. Mukasey,* 538 F.3d 1057, 1062 (9th Cir. 2008). We review for abuse of discretion the denial of a motion for a continuance. *Cui v. Mukasey,* 538 F.3d 1289, 1290 (9th Cir. 2008). We deny the petition for review.

The agency did not err in denying cancellation of removal for failure to establish lawful admission, where substantial evidence supports the agency's finding that Ramirez Salasar did not perform agricultural work in the U.S. during the qualifying time period to qualify for permanent resident status under the Seasonal Agricultural Workers program. *See* 8 U.S.C. § 1229b(a)(1) (requiring an alien to have been "lawfully permitted for permanent residence for not less than five years" to be granted cancellation of removal); *Segura v. Holder,* 605 F.3d 1063, 1066 (9th Cir. 2010) ("Although an alien may have been admitted for permanent residence, he has not been *lawfully* admitted for permanent residence if he was precluded from obtaining permanent resident status due to an inability to meet the prerequisites." (emphasis in original)).

The agency did not abuse its discretion in denying the motion to remand or in declining to grant a continuance, where Ramirez Salasar did not establish prima facie eligibility for cancellation of removal. *See Najmabadi v. Holder,* 597 F.3d 983, 986 (9th Cir. 2010) (motion to reopen can be denied for "failure to establish a prima facie case for the relief sought" (citation and quotation marks omitted)); *Ahmed v. Holder,* 569 F.3d 1009, 1012 (9th Cir. 2009) (listing factors to consider when reviewing the denial of a continuance); *see also Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (BIA 2009) (focus of the inquiry when determining whether to grant a continuance is the apparent ultimate likelihood of success).

**PETITION FOR REVIEW DENIED.**