**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 01 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESUS PAYAN,

                Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

                Respondent.

No.    12-71337

Agency No. A087-024-811

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 18, 2017
San Francisco, California

Before: THOMAS, Chief Judge, WARDLAW, Circuit Judge, and
BENCIVENGO,[**] District Judge.

    Jesus Payan petitions for review of a final order of removal issued by the

Board of Immigration Appeals ("BIA"), affirming the Immigration Judge's ("IJ")

decision denying Payan's application for adjustment of status with a waiver of

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

inadmissibility. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We deny the petition.

1.  The BIA correctly concluded that Payan is not eligible for the benefits of the Child Status Protection Act ("CSPA"), Pub. L. No. 107-208, 116 Stat. 927 (2002). To protect his status as a "child" under the CSPA, Payan must have "sought to acquire the status of an alien lawfully admitted for permanent residence within one year of" the date on which an immigrant visa number became available to him. 8 U.S.C. § 1153(h)(1)(A). Payan failed to demonstrate or even to allege that evidence exists that he did so. A family-second-preference-A ("F2A") visa became available to Payan on April 1, 2005. Payan did not apply to adjust status to lawful permanent residence until September 23, 2007, more than two years later. Because he did not "s[eek] to acquire" lawful permanent resident status "within one year of" the date on which an immigrant visa number became available to him, Payan is excluded from the CSPA's protections. *Id.*

2.  On appeal, Payan contends that intervening BIA authority allows him to avail himself of the CSPA despite an untimely adjustment application. *See In re O. Vazquez*, 25 I. & N. Dec. 817, 823 (BIA 2012) (holding that a noncitizen may meet the one-year "sought to acquire" requirement "by establishing, through persuasive evidence, that an application he or she submitted to the appropriate

2

agency was rejected for a procedural or technical reason or that there were other extraordinary circumstances, particularly those where the failure to timely file was due to circumstances beyond the alien's control."). But Payan cites to no evidence that supports his attorney's assertion that "[i]t is possible Petitioner 'sought to acquire' his lawful permanent residence through actions taken prior to September 2007." Payan "forwards this claim solely through the argument of [his] counsel, which does not constitute evidence." *Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003). Where "there is no basis [either] in the present record" or outside of it to corroborate Payan's claim, "[c]ounsel's unsupported assertions in [petitioner's] brief do not establish" that Payan could satisfy the CSPA's one-year filing requirement. *INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984). Accordingly, we decline to remand to the agency for consideration under *O. Vazquez*.

3.      The BIA did not err in concluding that Payan had failed to exhaust and therefore waived any challenge to the classification of his conviction for solicitation to commit sale or transportation of marijuana as a crime involving moral turpitude ("CIMT"). *See* 8 U.S.C. §§ 1182(a)(2), 1229b(b)(1)(C).

Because neither Payan's Notice of Appeal nor brief to the BIA raised the CIMT issue, Payan failed to exhaust it. Payan alleged only that the IJ "erred in

3

ordering me removed from the United States" and "erred in applying the law to my case." Such "broad statements . . . that the IJ committed an error in law [were not] sufficient to put the BIA on notice of his claim." *Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010). Although "we do not employ the exhaustion doctrine in a formalistic manner," *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008), a petitioner "cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal," *Zara v. Ashcroft*, 383 F.3d 927, 929 (9th Cir. 2004); *see also Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011) (where petitioner "made only a general allegation that the IJ erred in denying him relief," he failed to preserve his claims for appeal).

Payan nevertheless urges us to reach the merits of his CIMT claim because the "Government [is] not prejudiced by his failure to" exhaust the issue before the BIA. However, Payan confuses the law governing an exception to waiver for law governing an exception to exhaustion. Allowing an exception to waiver is a discretionary decision. *Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004). Exhaustion of claims before the agency is a jurisdictional requirement. *Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014) (noting a circuit split on this question).

4

4.     The BIA and IJ properly concluded that Payan cannot adjust status because a visa number is not currently available to him.  Because Payan cannot avail himself of the CSPA, his visa preference category automatically converted to the family-second-preference-B ("F2B") category upon his twenty-first birthday (November 4, 2004), and again automatically converted to the family-first-preference ("F1") category upon his father's naturalization (August 13, 2007). Throughout, Payan retained his original priority date.  8 U.S.C. § 1153(h)(3).  The Department of State's Visa Bulletin reveals that an F1 visa is not yet available for Payan's priority date of January 5, 1998.  Therefore, the BIA correctly concluded that Payan's application to adjust status was properly denied "because a visa number was not immediately available in his preference category."  *See* 8 U.S.C. § 1255(i)(2).

**PETITION DENIED.**