# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROGELIO AVALOS SEGURA,
                    *Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 08-72062

Agency No.
A092-184-494

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2010*
Pasadena, California

Filed May 26, 2010

Before: Diarmuid F. O'Scannlain and Richard C. Tallman,
Circuit Judges, and Frederic Block, District Judge.**

Opinion by Judge Tallman

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Frederic Block, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

**COUNSEL**

Jeremy M. Clason, Yarra, Kharazi & Associates, Fresno, California, for petitioner Rogelio Avalos Segura.

Jessica Segall, Office of Immigration Litigation, Washington, D.C.; Tony West, Assistant Attorney General, Civil Division; Leslie McKay, Assistant Director, Office of Immigration Litigation, for respondent Attorney General Holder.

## OPINION

TALLMAN, Circuit Judge:

Petitioner Rogelio Avalos Segura ("Avalos") petitions for review of the decision of the Board of Immigration Appeals ("BIA") finding him ineligible for relief under § 212(c) of the Immigration and Nationality Act.[1] The BIA reasoned that Avalos was ineligible for the requested relief because he was not lawfully admitted for permanent residence. We dismiss in part and deny in part Avalos's petition for review.

## I

Avalos, a native and citizen of Mexico, entered the United States without inspection on May 2, 1980. He received temporary resident status on July 14, 1988. In late 1989, Avalos pleaded guilty in California state court to a charge of possession or purchase of a controlled substance, a felony, and was sentenced to 180 days incarceration and 36 months probation. Notwithstanding this felony conviction, Avalos applied for and obtained lawful permanent resident status on November 2, 1992. There is no indication that the Immigration and Naturalization Service knew of Avalos's conviction at the time it approved his application for an adjustment of status.

---

[1]Congress repealed § 212(c) of the Immigration and Nationality Act, previously codified at 8 U.S.C. § 1182(c) (1994), when it enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, § 304(b), 110 Stat. 3009, 3009-597.

After vacationing for a short time in Mexico, Avalos attempted to re-enter the United States in October 2003. The Bureau of Customs and Border Patrol ("BCBP") referred Avalos to secondary inspection, and Avalos admitted he was convicted of a controlled substance charge in 1989. The BCBP paroled Avalos into the United States and ordered him to report for a deferred inspection the next month. At the deferred inspection, the BCBP issued a Notice to Appear charging Avalos with removability for violation of a controlled substance law, 8 U.S.C. § 1182(a)(2)(A)(i)(II), and for being a suspected controlled substance trafficker, *id.* § 1182(a)(2)(C).

Avalos appeared before an immigration judge ("IJ") and, through counsel, conceded the charge of removability for a controlled substance conviction, but challenged the charge of removability for being a controlled substance trafficker. He then requested relief under § 212(c). The IJ granted the Government's motion to pretermit Avalos's application for relief, finding that Avalos had not been "lawfully admitted for permanent residence" and that § 212(c) did not apply because he was not a permanent resident at the time he entered his guilty plea.[2]

After the IJ denied Avalos's request, he filed two applications for cancellation of removal. One application sought cancellation of removal for permanent residents under 8 U.S.C. § 1229b(a), and the other requested cancellation of removal for nonpermanent residents as authorized by § 1229b(b). The IJ pretermitted the application for cancellation of removal for a permanent resident because Avalos was never lawfully admitted for permanent residence and he did not meet the

---

[2]Although Congress repealed § 212(c) in 1996, relief under that section "remains available for aliens . . . whose convictions were obtained through plea agreements and who . . . would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *INS v. St. Cyr*, 533 U.S. 289, 326 (2001).

continuous physical residence requirement. The IJ then denied Avalos's application for cancellation of removal for a nonpermanent resident after finding he did not have the requisite continuous physical presence and he had been convicted of a controlled substance offense.

Avalos appealed to the BIA arguing that the IJ erred in finding him ineligible for § 212(c) relief. He also alleged a violation of due process stemming from the Government's failure to conduct a rescission hearing addressing his residency status. However, Avalos did not challenge the IJ's decision relating to his applications for cancellation of removal. The BIA conducted its own review of Avalos's claims and dismissed his appeal. The BIA affirmed the IJ's finding that Avalos was never lawfully admitted as a permanent resident and concluded that Avalos had no due process rights in his residency status because an alien mistakenly granted lawful permanent resident status is not lawfully admitted. Avalos filed a timely petition for review challenging the authority of the IJ to make a determination of his residency status and the BIA's finding that he was ineligible for § 212(c) relief.[3]

## II

Avalos first argues that an IJ has no authority to determine whether an alien is a lawful permanent resident. We do not address the merits of Avalos's challenge, however, because we lack subject-matter jurisdiction over this issue. We can exercise jurisdiction over a claim only if the alien has "exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Accordingly, we are precluded from "reaching the merits of a legal claim not presented in administrative proceedings below." *Barron*, 358 F.3d at 678.

---

[3]Avalos did not appeal the BIA's denial of his due process claim.

Avalos failed to assert his challenge to the IJ's authority in his appeal to the BIA. He contends that the broad statements in his Notice of Appeal and brief in support that the IJ "committed an error in law" are sufficient to put the BIA on notice of his claim. We disagree. Nowhere in his submissions to the BIA did Avalos reference an IJ's ability to determine an alien's residency status. Instead, the filings focused on whether Avalos was lawfully admitted for permanent residence or otherwise qualified for relief under § 212(c). Avalos's failure to assert this claim before the BIA deprived it of the opportunity to address the issue and divests us of jurisdiction to review it. *See Barron*, 358 F.3d at 678; *see also Abebe v. Mukasey*, 554 F.3d 1203, 1207-08 (9th Cir. 2009) (en banc).

## III

**[1]** Avalos next challenges the BIA's denial of relief under § 212(c). We conduct de novo review of "purely legal questions." *Mejia v. Ashcroft*, 298 F.3d 873, 876 (9th Cir. 2002). Because the BIA independently reviewed the evidence and law presented in this case, our scope of review is limited to the BIA's decision. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006).

Former section 212(c) stated:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of [§ 212(a)].

8 U.S.C. § 1182(c) (1994) (repealed 1996). We must decide whether Avalos, at the time of his adjustment of status, was "lawfully admitted for permanent residence." That phrase is

statutorily defined to mean "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." *Id.* § 1101(a)(20).

**[2]** In *Monet v. INS*, we held that relief under § 212(c) "requires lawful admission." 791 F.2d 752, 754 (9th Cir. 1986) (internal quotation omitted). We agreed with the Fifth Circuit's reasoning that "[t]he term 'lawfully' denotes compliance with substantive legal requirements, not mere procedural regularity." *Id.* at 753 (quoting *In re Longstaff*, 716 F.2d 1439, 1441 (5th Cir. 1983)). Although an alien may have been admitted for permanent residence, he has not been *lawfully* admitted for permanent residence if he was precluded from obtaining permanent resident status due to an inability to meet the prerequisites. *Id.* at 755; *see also Hing Sum v. Holder*, No. 05-75776, 2010 WL 1630859, at *4 (9th Cir. Apr. 23, 2010) (recognizing that an alien is ineligible for relief under § 212(c) if he was not actually admissible at the time he received an adjustment of status).

**[3]** It is clear that Avalos was inadmissible at the time he was admitted for permanent residence. To qualify for an adjustment to permanent resident status, an alien must establish that he has not been convicted of a felony committed in the United States. 8 U.S.C. § 1255a(b)(1)(C)(ii). Avalos candidly admitted to the IJ in 2004 that he pleaded guilty to a felony prior to completing his application for an adjustment of status. Consequently, Avalos was incapable of fulfilling one of the conditions necessary for obtaining permanent resident status in 1992. Because Avalos was erroneously admitted for permanent residence, he was not lawfully admitted for permanent residence, and thus was ineligible for § 212(c) relief.

**[4]** Nonetheless, Avalos contends that our decision in *Monet* is inapplicable to him because there is no evidence that he fraudulently obtained his permanent resident status. We do not read our opinion in *Monet* so narrowly. Although the facts

of *Monet* indicate that the alien there did conceal his prior conviction, 791 F.2d at 753, nothing in our discussion of the alien's eligibility for relief turned on the act of concealment. Rather, we emphasized the necessity of actually complying with the substantive elements of the admission requirements. The BIA correctly summarized the holding of *Monet* when it stated: "[T]he term 'lawfully admitted for permanent residence' [does] not apply to aliens who had obtained their permanent resident status by fraud, or had otherwise not been entitled to it." *In re Koloamatangi*, 23 I. & N. Dec. 548, 550 (BIA 2003).

**[5]** We therefore reaffirm our agreement with our sister circuits, which have placed emphasis on the alien's compliance with the underlying requirements in addition to the method through which the alien obtained his permanent resident status. *See, e.g.*, *De La Rosa v. U.S. Dep't of Homeland Sec.*, 489 F.3d 551, 554-55 (2d Cir. 2007); *Savoury v. U.S. Att'y Gen.*, 449 F.3d 1307, 1313-17 (11th Cir. 2006); *Arellano-Garcia v. Gonzales*, 429 F.3d 1183, 1186-87 (8th Cir. 2005).

**[6]** Due to his prior felony conviction for a controlled substance offense, Avalos was ineligible for permanent resident status at the time he filed his application for an adjustment of status. *See* 8 U.S.C. § 1255a(b)(1)(C)(ii). Therefore he was never "lawfully admitted for permanent residence" as required by § 212(c), notwithstanding any mistake by immigration officials in granting Avalos permanent resident status. The BIA did not err in finding Avalos ineligible for § 212(c) relief.

## IV

For the foregoing reasons, Avalos's petition for review is

**DISMISSED in part and DENIED in part.**