**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARDO SALADO-ALVA, Bernie Salado, | No. 08-74479 |
| Petitioner, | Agency No. A024-221-509 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 2, 2010
San Francisco, California

Before: THOMAS and IKUTA, Circuit Judges, and RESTANI, Judge.[**]

Bernardo Salado-Alva, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

immigration judge's removal order. We deny the petition for review in part and dismiss in part.

A petitioner's failure to present a claim in administrative proceedings will bar the Court (for lack of subject-matter jurisdiction) from hearing the claim. *Segura v. Holder*, 605 F.3d 1063, 1065–66 (9th Cir. 2010). In order to satisfy the exhaustion requirement, the petitioner must have articulated the claim merely with enough specificity to "put the BIA on notice" so that it had "an opportunity to pass on the issue." *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

In his brief before the BIA, the petitioner did not challenge the factual predicate to the use of his conviction in determining that he had been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A). Because the challenge to the fact of his conviction was not presented with enough specificity to put the BIA on notice that contention was at issue, we must dismiss the petition for review for failure to exhaust administrative remedies.

Petitioner's remaining contention is foreclosed by *United States v. Medina-Villa*, 567 F.3d 507 (9th Cir. 2009).

**PETITION DENIED IN PART; DISMISSED IN PART.**