**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOURDES GARCIA-GARCIA, | No. 07-70323 |
| Petitioner, | Agency No. A076-215-392 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2011[**]
San Francisco, California

Before: WALLACE, SILVERMAN, and TALLMAN, Circuit Judges.

Lourdes Garcia-Garcia petitions for review of the Board of Immigration

Appeals' (BIA) denial of her application for relief from removal under 8 U.S.C. §

1254 (repealed 1997) (suspension of deportation). We have jurisdiction pursuant

to 8 U.S.C. § 1252, and we deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The parties are familiar with the facts of the case so we do not repeat them here. Substantial evidence supports the BIA's determination that Garcia-Garcia is statutorily ineligible for suspension of deportation because she gave false testimony for the purpose of obtaining a benefit under the Immigration and Nationality Act. 8 U.S.C. § 1101(f)(6); *Covarrubias v. Gonzales*, 487 F3d 742, 747 (9th Cir. 2007) ( whether an alien falls into "one of the per se categories listed in § 1101(f) presents a question of fact that [the Court] review[s] for substantial evidence.").

Garcia-Garcia falsely denied having "ever been arrested or convicted for any type of crime" when asked by the immigration judge at her April 30, 1998, hearing. *See Kungys v. United States*, 485 U.S. 759, 779–80 (1988) ("Literally read, [§ 1101(f)(6)] denominates a person to be of bad moral character on account of having given false testimony if he has told even the most immaterial of lies with the subjective intent of obtaining immigration and naturalization benefits. We think it means precisely what it says."). The fact that she later conceded at an August 16, 2009, hearing that she had twice been arrested for theft offenses does not demonstrate that she did not have the requisite intent to deceive because her later honesty occurred only after a certified record of her convictions had been entered in the record. *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001)

2

(concluding that later honesty does not remove an individual from the ambit of § 1101(f)(6) and therefore petitioner's prior false testimony was substantial evidence supporting the BIA's holding that the petitioner lacked good moral character).

Though Garcia-Garcia now claims that we should extend the rationale of *In re Ortega-Cabrera*, 23 I. & N. Dec. 793, 798 (BIA 2005) (holding that the ten-year period for measuring good moral character for relief under U.S.C. § 1229b(b)(1) (cancellation of removal) should be measured backward from the date of "entry of a final administrative decision"), to her claim for § 1254(a)(1) relief, she never exhausted this issue before the BIA. *See Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004) (holding that the Court lacked jurisdiction to address issues that differed from those issues raised to the BIA); *see also Segura v. Holder*, 605 F.3d 1063, 1066–67 (9th Cir. 2010) (same). We therefore lack jurisdiction to consider it. 8 U.S.C. § 1252(d)(1).

Finally, because Garcia-Garcia cannot demonstrate the requisite good moral character, she is ineligible for relief under § 1254(a)(1). We therefore do not address her arguments regarding her continuous presence.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part for lack of jurisdiction.**

3