**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGEL DIEGO PEÑA, | No. 10-72616 |
| Petitioner, | Agency No. A072-673-543 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Angel Diego Peña, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument, *see* Fed. R. App. P. 34(a)(2), so we reject the request for oral argument.

withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's denial of Diego Peña's asylum claim because Diego Peña failed to establish the harm he suffered or fears is on account of a protected ground. *See id.* at 482-84; *see also Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). Accordingly, his asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Further, substantial evidence supports the agency's denial of CAT relief because Diego Peña failed to establish a likelihood of being tortured in Guatemala. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

We lack jurisdiction to consider Diego Peña's humanitarian asylum claim because he did not exhaust it before the BIA. *See Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010) (broad statements in notice of appeal and brief were insufficient to put the BIA on notice of petitioner's claim). Further, we decline to consider Diego Peña's contentions regarding the BIA's citation to incorrect and excluded evidence because he raised them for the first time in his reply brief. *See*

*Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003). Finally, in light of the agency's nexus finding, the BIA did not err by not addressing Diego Peña's contentions regarding the IJ's misstatements to the expert and problems with the transcript.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**