**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

OCT 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR GONZALEZ SALAZAR, | No. 12-70749 |
| Petitioner, | |
| v. | Agency No. A076-728-302 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 11, 2013
San Francisco, California

Before: WALLACE and BERZON, Circuit Judges, and ZOUHARY, District Judge.**

Victor Gonzalez Salazar petitions for review of an order of the Board of

Immigration Appeals (the Board or BIA) denying his motion to reopen removal

proceedings as untimely. The petition is denied.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jack Zouhary, District Judge for the U.S. District
Court for the Northern District of Ohio, sitting by designation.

**(1)** Gonzalez Salazar's motion was filed more than five years after the Board ordered him removed, long after the ninety-day deadline on motions to reopen had expired. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Gonzalez Salazar maintains that his motion was nonetheless timely, either because he was entitled to equitable tolling or because of changed country conditions.

The Board was within its discretion to conclude that Gonzalez Salazar was not entitled to equitable tolling. Gonzalez Salazar did not establish that he had exercised "due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). He did not present evidence as to when he first "suspect[ed]" that prior counsel had rendered ineffective assistance, or as to why he consulted counsel when he did, rather than earlier. *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011). Nor did Gonzalez Salazar establish that waiting seven months to file his motion to reopen proceedings *after* the latest possible time he could have "definitively learn[ed] of the harm resulting from counsel's deficiency" constituted timely filing. *Id.*

**(2)** The Board did not abuse its discretion in rejecting Gonzalez Salazar's changed country conditions claims. Gonzalez Salazar failed to put the agency on notice of the specific claim raised here, that conditions in Mexico have worsened

2

for homosexuals.  As the claim has not been exhausted, we lack subject-matter jurisdiction to review it.  *See Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010).  Even if the claim had been exhausted, Gonzalez Salazar's argument regarding changed country conditions for homosexuals in Mexico would fail.  *See Castro-Martinez v. Holder*, 674 F.3d 1073, 1082 (9th Cir. 2011); *see also Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1133-34 (9th Cir. 2006) (explaining that remand of this claim to the Board would have been unnecessary, insofar as it is "an issue the [Board] has already addressed").

Moreover, Gonzalez Salazar's 2007 HIV diagnosis did not constitute "changed country conditions arising in the country of nationality[,]" 8 U.S.C. § 1229a(c)(7)(C)(ii), for the purpose of excusing the ninety-day limitations period on motions to reopen.  A change in personal circumstances, including an HIV diagnosis, does not excuse an untimely motion to reopen.  *See Almaraz v. Holder*, 608 F.3d 638, 640 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**

*Gonzalez Salazar v. Holder*, No. 12-70749

BERZON, Circuit Judge, dissenting in part:

I join the majority with regard to Gonzalez Salazar's lack of due diligence and the lack of relevance of any claim of changed personal circumstances. But I would hold that Gonzalez Salazar adequately exhausted his changed country conditions claim, and so I would remand to the BIA for further consideration of that issue.

"[W]e do not employ the exhaustion doctrine in a formalistic manner. . . ." *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008). An alien "need not use precise legal terminology to exhaust his claim. Nor must he provide a well developed argument to support his claim . . . ." *Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011). We only "inquire into whether . . . the petitioner 'put the BIA on notice' as to the specific issues so that the BIA has 'an opportunity to pass on th[ose] issue[s].'" *Figueroa*, 543 F.3d at 492 (quoting *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004)) (alterations in original).

Gonzalez Salazar explicitly argued in his motion to reopen that "[c]onditions in Mexico have changed for the worse since 1997." His original brief supporting that motion did not mention changed conditions for homosexuals; instead it referenced an attached declaration discussing conditions for homosexuals in Mexico, at length. That referenced declaration, together with articles and reports

describing increased homophobia and hate crimes in Mexico submitted with Gonzalez Salazar's post-remand brief, sufficed to put the agency on notice of a changed country conditions claim. *See, e.g.*, *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) (although petitioner did not discuss Convention Against Torture claim at length, it was adequately exhausted where the issue was mentioned in the conclusion of his brief).

The BIA did say, perhaps as an alternative to its conclusion that Gonzalez Salazar "d[id] not explicitly make a claim" of changed country conditions, that it "agree[d] with the DHS that much of the respondent's proffered evidence was discoverable at his former hearing." In fact, much of Gonzalez Salazar's evidence submitted after remand, including recent articles and testimony regarding worsening conditions for homosexuals in Mexico over the past ten years, could not have been presented to the BIA during Gonzalez Salazar's 1999 removal proceedings.

I would therefore remand to the BIA for consideration of the changed country conditions claim. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010).