MEMORANDUM **
Victor Gonzalez Salazar petitions for review of an order of the Board of Immigration Appeals (the Board or BIA) denying his motion to reopen removal proceedings as untimely. The petition is denied.
(1) Gonzalez Salazar’s motion was filed more than five years after the Board ordered him removed, long after the ninety-day deadline on motions to reopen had expired. See 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Gonzalez Salazar maintains that his motion was nonetheless timely, either because he was entitled to equitable tolling or because of changed country conditions.
The Board was within its discretion to conclude that Gonzalez Salazar was not entitled to equitable tolling. Gonzalez Salazar did not establish that he had exercised “due diligence in discovering the deception, fraud, or error.” Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir.2003). He did not present evidence as to when he first “suspeet[ed]” that prior counsel had rendered ineffective assistance, or as to why he consulted counsel when he did, rather than earlier. Avagyan v. Holder, 646 F.3d 672, 679 (9th Cir.2011). Nor did Gonzalez Salazar establish that waiting seven months to file his motion to reopen proceedings after the latest possible time he could have “definitively learn[ed] of the *732 harm resulting from counsel’s deficiency” constituted timely filing. Id.
(2) The Board did not abuse its discretion in rejecting Gonzalez Salazar’s changed country conditions claims. Gonzalez Salazar failed to put the agency on notice of the specific claim raised here, that conditions in Mexico have worsened for homosexuals. As the claim has not been exhausted, we lack subject-matter jurisdiction to review it. See Segura v. Holder, 605 F.3d 1063, 1066 (9th Cir.2010). Even if the claim had been exhausted, Gonzalez Salazar’s argument regarding changed country conditions for homosexuals in Mexico would fail. See Castro-Martinez v. Holder, 674 F.3d 1073, 1082 (9th Cir.2011); see also Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1133-34 (9th Cir.2006) (explaining that remand of this claim to the Board would have been unnecessary, insofar as it is “an issue the [Board] has already addressed”).
Moreover, Gonzalez Salazar’s 2007 HIV diagnosis did not constitute “changed country conditions arising in the country of nationality[,]” 8 U.S.C. § 1229a(c)(7)(C)(ii), for the purpose of excusing the ninety day limitations period on motions to reopen. A change in personal circumstances, including an HIV diagnosis, does not excuse an untimely motion to reopen. See Almaraz v. Holder, 608 F.3d 638, 640 (9th Cir.2010).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.