**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ROBERTO SANDOVAL, | No. 13-73009 |
| Petitioner, | Agency No. A090-518-367 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 12, 2017
Pasadena, California

Before: REINHARDT, FERNANDEZ, and WARDLAW, Circuit Judges.

Jose Roberto Sandoval, also known as Mario Godoy Dorado, a native and

citizen of Mexico, petitions for review of the Board of Immigration Appeals'

("BIA") dismissal of his appeal of an immigration judge's ("IJ") decision finding

him statutorily ineligible for cancellation of removal. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

pursuant to 8 U.S.C. § 1252, and we grant the petition for review, vacate the decision below, and remand to the BIA for reconsideration in light of *Maslenjak v. United States*, __ U.S. __, 137 S. Ct. 1918 (2017).

The BIA concluded that Sandoval had not been "lawfully admitted for permanent residence" within the meaning of 8 U.S.C. § 1229b(a)(1), because he adjusted status under an alias. Sandoval credibly testified that he used a false birth certificate as an identification document when he applied for lawful permanent resident ("LPR") status in 1990 because he had difficulty obtaining his own birth certificate from Mexico. The IJ found that there was "nothing to indicate that [Sandoval] wouldn't have qualified [for permanent residence] under his own name," and the BIA agreed that it was "possible that [Sandoval was] otherwise . . . eligible to adjust his status."

We agree that under the available evidence, Sandoval was likely eligible to adjust status under his own name. On that basis, we distinguish *Kyong Ho Shin v. Holder*, 607 F.3d 1213 (9th Cir. 2010), *Segura v. Holder*, 605 F.3d 1063 (9th Cir. 2010), and *Monet v. INS*, 791 F.2d 752 (9th Cir. 1986), where in each case we specifically found that the noncitizens seeking relief were not, at the time of their admission, otherwise eligible to obtain LPR status.

2

In 2017, the Supreme Court decided *Maslenjak v. United States*, where it held that to convict a person under 18 U.S.C. § 1425(a), which makes it a crime to knowingly procure naturalization contrary to law,

> the Government must establish that an illegal act by the defendant played some role in her acquisition of citizenship. When the illegal act is a false statement, that means demonstrating that the defendant lied about facts that would have mattered to an immigration official, *because they would have justified denying naturalization or would predictably have led to other facts warranting the result.*

*Maslenjak*, __ U.S. at __, 137 S. Ct. at 1923 (emphasis added). Otherwise put, there must be a causal nexus between the false statement and the grant of naturalization.

The Supreme Court further held,

> Even when the Government can make its two-part showing, however, the defendant may be able to overcome it. Section 1425(a) is not a tool of denaturalizing people who, the available evidence indicates, were actually qualified for the citizenship they obtained. . . . We have never read a statute to strip citizenship from someone who met the legal criteria for acquiring it. . . . Whatever the Government shows with respect to a thwarted investigation, qualification for citizenship is a complete defense to a prosecution brought under § 1425(a).

*Id.*, __ U.S. at __, 137 S. Ct. at 1930.

The Court in *Maslenjak* interpreted a different statute than the one at issue here, but its holding nevertheless bears upon our analysis. First, *Maslenjak* suggests that falsehoods that do not otherwise affect an applicant's substantive

legal eligibility for permanent residence do not justify concluding that the applicant was not "lawfully admitted for permanent residence" within the meaning of 8 U.S.C. § 1229b(a)(1). Second, *Maslenjak* suggests that substantive qualification for LPR status is a complete defense to the allegation that one was not "lawfully admitted for permanent residence."

Accordingly, we remand to the BIA to consider in the first instance whether, in light of *Maslenjak*, a noncitizen is "lawfully admitted for permanent residence," 8 U.S.C. § 1229b(a)(1), as long as he is substantively qualified for admission as an LPR at the time he applies for that status, regardless of any misrepresentations that would not "have justified denying [permanent resident status] or would predictably have led to other facts warranting [that] result." *Maslenjak*, __ U.S. at __, 137 S. Ct. at 1923. If the BIA adopts this interpretation of 8 U.S.C. § 1229b(a)(1)'s requirement of lawful admission for permanent residence, then it should also decide whether Sandoval's submission of someone else's birth certificate rendered him substantively unqualified for admission as an LPR. The panel will retain jurisdiction over this petition.

**PETITION GRANTED; VACATED AND REMANDED.**

4

<u>Sandoval v. Sessions</u>, No. 13-73009

FERNANDEZ, Circuit Judge, concurring:

I concur in the result only. While I agree that the BIA should consider the effect of *Maslenjak v. United States*, __ U.S. __, 137 S. Ct. 1918 (2017) on this case, I see no reason to say more than that. Moreover, I see no reason to retain jurisdiction over the case.