**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BEREKET AFENA BELAY, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | Nos. 13-73253 <br> 13-74341 <br><br> Agency No. A200-568-251 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 6, 2018[**]

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Bereket Afena Belay, a native and citizen of Eritrea, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT") (No. 13-73253), and of the BIA's order denying his motion to reconsider and reopen (No. 13-74341). Our jurisdiction is governed by 8 U.S.C. §1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo questions of law, and we review for abuse of discretion the BIA's denial of motions to reconsider and reopen. *See Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part petition No. 13-73253. We deny petition No. 13-74341.

As to petition No. 13-73253, substantial evidence supports the agency's adverse credibility determination based on Belay's vague and confusing testimony as to his escape from military school, a material and significant event. *See Shrestha v. Holder*, 590 F.3d at 1048. Belay's explanations do not compel the opposite result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Belay's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The BIA properly found that Belay abandoned his CAT claim because Belay failed to meaningfully challenge the IJ's denial of CAT. *See Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010). Thus, we lack jurisdiction to consider the

contentions he makes now as to the merits of his claim. *See id.*

As to petition No. 13-74341, the BIA did not abuse its discretion in denying Belay's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1); *see also Mohammed*, 400 F.3d at 791 (the BIA abuses its discretion if it acts "arbitrarily, irrationally, or contrary to the law").

Finally, the BIA did not abuse its discretion in denying Belay's motion to reopen based on ineffective assistance of counsel because Belay failed to comply with the procedural requirements of *Matter of Lozada* 19 I&N Dec. 637 (BIA 1988), and also failed to demonstrate prejudice from his counsel's alleged ineffectiveness. *See Iturribarria v. INS*, 321 F.3d 889, 899-90 (9th Cir. 2003).

**PETITION FOR REVIEW No. 13-73253 DENIED in part; DISMISSED in part.**

**PETITION FOR REVIEW No. 13-74341 DENIED.**