NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERTO GARCIA CEJA, AKA Robert
Ceja Garcia,

No.    15-73795

Petitioner,

Agency No. A091-699-733

v.

MEMORANDUM*

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Roberto Garcia Ceja, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for cancellation of removal

and a waiver under former 8 U.S.C. § 1182(c). Our jurisdiction is governed by

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo questions of law. *Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The agency did not err in concluding that Garcia Ceja's admission as a legal permanent resident was not lawful, where he had been previously convicted of felony possession of cocaine. *See id.* ("Although an alien may have been admitted for permanent residence, he has not been *lawfully* admitted for permanent residence if he was precluded from obtaining permanent resident status due to an inability to meet the prerequisites."); 8 U.S.C. § 1255a(b)(1)(C)(ii) (requiring the applicant to establish that he has not been convicted of any felony). Accordingly, the agency did not err in finding Garcia Ceja ineligible for cancellation of removal and a waiver of inadmissibility. *See* 8 U.S.C. §§ 1229b(a), 1182(c) (repealed 1996) (both requiring "lawful admission" as a prerequisite to relief).

We lack jurisdiction to consider Garcia Ceja's unexhausted contention that the government waived the admissibility requirement in his case. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**