**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN PEDRO CHAVIRIN-MARTINEZ, | No. 18-73037 |
| Petitioner, | Agency No. A090-939-063 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]

Before: FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Juan Pedro Chavirin-Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

The BIA did not err in finding that Chavirin-Martinez failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Chavirin-Martinez's withholding of removal claim fails.

Chavirin-Martinez's contention that the agency failed to give proper weight to his evidence, including witness testimony, is unsupported by the record.

The BIA did not err in finding that Chavirin-Martinez waived the issue of relief under CAT. *See Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010) (broad statements in the notice of appeal and brief were insufficient to put the BIA on notice of petitioner's claim).

**PETITION FOR REVIEW DENIED.**

2