**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEILONG LI, | No. 15-72980 |
| Petitioner, | Agency No. A205-181-194 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Weilong Li, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

law.  *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008).  We review for substantial evidence the agency's factual findings.  *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018).  We grant in part, deny in part, and dismiss in part the petition for review, and we remand.

As to asylum and withholding of removal, the record compels the conclusion that the cumulative harm Li suffered in China rose to the level of persecution.  *Id.* at 1213-17 (finding petitioner suffered past persecution because of his religious beliefs where he was detained, beaten, forced to sign a document promising not to attend a home church, and required to report to the police weekly); *see also Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (totality of the circumstances compelled finding of persecution).  Thus, we grant the petition for review as to Li's asylum and withholding of removal claims, and remand to the agency for further proceedings consistent with this disposition.  *See Guo*, 897 F.3d at 1217; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The BIA did not err in finding that Li waived his CAT claim, *see Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010), and we lack jurisdiction to consider Li's contentions as to the merits of his claim because he did not present them to the BIA, *see id.*

We do not reach Li's contentions that the IJ erred in finding Li did not merit a discretionary grant of asylum because the BIA did not decide that issue.  *See*

2

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court's review is limited to the actual grounds relied upon by the BIA).

We do not consider the country conditions reports Li references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Li's removal is stayed pending a decision by the BIA.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; DISMISSED in part; REMANDED.**