**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUNYONG ZUO, | No. 19-73065 |
| Petitioner, | Agency No. A099-448-702 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2021**

Before: CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Junyong Zuo, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an inconsistency as to whether Zuo saw an article covering a protest he led in China. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926-27 (9th Cir. 2020) (inconsistency supported adverse credibility determination where it was not trivial and petitioner's explanations did not resolve or adequately explain it); *see also Enying Li v. Holder*, 738 F.3d 1160, 1163 (9th Cir. 2013) (a witness's entire testimony may be disbelieved "if the witness makes a *material* and *conscious* falsehood in one aspect of his testimony"). We reject as unsupported by the record the two contentions that Zuo raises in his opening brief, specifically, that he was not given an opportunity to explain the inconsistency in his testimony and that the IJ mischaracterized his testimony. Thus, in the absence of credible testimony, in this case, Zuo's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Zuo's contention that the BIA erred by not addressing a claim under the Convention Against Torture ("CAT") fails where the record shows Zuo did not

challenge the IJ's denial of his CAT claim to the BIA, and as a result, we lack jurisdiction to consider his contentions, raised in his opening brief, that he is eligible for CAT relief. *See Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010) ("[Petitioner's] failure to assert [a] claim before the BIA deprived it of the opportunity to address the issue and divests us of jurisdiction to review it."); *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**