NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 7 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSELINE CHOH NGWE,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 20-72586<br><br>Agency No. A201-759-541<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2021[**]
Anchorage, Alaska
Submission Vacated August 17, 2021
Resubmitted October 5, 2021

Before: WARDLAW, MILLER, and BADE, Circuit Judges.

Roseline Choh Ngwe petitions for review of the Board of Immigration

Appeals' (BIA) decision affirming an Immigration Judge's (IJ) denial of her

application for asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT).  We have jurisdiction pursuant to 8 U.S.C.

§ 1252, and we deny the petition in part and dismiss it in part.

1.      Ngwe argues that the agency failed to adequately consider two pieces

of evidence—a bail bond application and a bail bond—which she argues

corroborate her account of persecution and compel a finding of past persecution.

But Ngwe did not raise this argument before the BIA.  Moreover, the statements in

her briefing to the BIA that the "IJ erred while considering the facts," and failed to

evaluate other evidence of record were not sufficient to put the BIA on notice that

she was challenging the IJ's treatment of her corroborating evidence.  *See Segura*

*v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010) (finding "broad statements"

insufficient to put the BIA on notice of a petitioner's claim).  Because this issue is

unexhausted, we lack jurisdiction to reach it.  *See Sola v. Holder*, 720 F.3d 1134,

1135 (9th Cir. 2013) (per curiam).

2.      Ngwe argues that the agency's adverse credibility determination was

unsupported by substantial evidence.  We disagree.  When evaluating an adverse

credibility finding, "we must look to the 'totality of the circumstances[ ] and all

relevant factors.'"  *Alam v. Garland*, — F.4th —, 2021 WL 4075331, at *5 (9th

Cir. Sept. 8, 2021) (en banc) (alteration in original) (quoting 8 U.S.C.

§ 1158(b)(1)(B)(iii)) (overruling former precedents that "employed the single

factor rule").  There were significant inconsistencies in Ngwe's testimony about

her stay at a friend's house after escaping from prison and about an anonymous note she received, and this testimony concerned the core details of her alleged persecution. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) ("Although inconsistencies no longer need to go the heart of the petitioner's claim [to support an adverse credibility finding], when an inconsistency is at the heart of the claim it doubtless is of great weight."). Moreover, the record does not compel the conclusion that these inconsistencies were the result of a misunderstanding between Ngwe and the IJ, particularly given that Ngwe is highly educated and a native English speaker, and the IJ repeatedly asked her to explain the inconsistencies. *See Molina-Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir. 2001) ("We must uphold findings by the BIA unless the evidence compels a contrary conclusion." (internal quotation marks omitted)).

Having considered the totality of the circumstances and all relevant factors, we find these two inconsistencies sufficient to support the agency's adverse credibility determination. *See Alam*, 2021 WL 4075331, at *5.

3. Ngwe argues that despite the agency's adverse credibility determination, her country conditions evidence compelled the conclusion that she more likely than not will be tortured if returned to Cameroon. We disagree. Although Ngwe presented evidence of widespread violence against Anglophones, the agency concluded that this evidence "did not establish that [she] currently faces

3

a particularized risk of torture." Ngwe points to no evidence that compels a contrary conclusion. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).[1]

**DISMISSED IN PART, DENIED IN PART.**

---

[1] Ngwe also asserts that the IJ mischaracterized and inadequately considered her country condition evidence, particularly a 2018 U.S. State Department Human Rights Report on Cameroon and a news article on genocide in Cameroon. But the IJ adequately addressed this evidence and concluded that it did not establish Ngwe's eligibility for CAT relief.