**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ALONSO CASTANEDA-ANDRADE, AKA Alonso Andrade Castaneda, | No. 20-71760 |
| Petitioner, | Agency No. A056-800-639 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, |  |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2022[**]
San Francisco, California

Before: WARDLAW, IKUTA, and BADE, Circuit Judges.

Alonso Castaneda-Andrade petitions for review of a decision of the Board of

Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ)

denying his application for asylum, withholding of removal, and request for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss it in part.

We deny the petition for review as to deferral of removal under the CAT for two reasons. First, in his opening brief, Castaneda-Andrade does not challenge the IJ's conclusion that he failed to establish that any torture would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Castaneda-Andrade therefore forfeited that argument, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996), and that forfeiture is dispositive, because Castaneda-Andrade bears the burden of establishing his entitlement to deferral of removal under the CAT, *see Arteaga v. Mukasey*, 511 F.3d 940, 948–49 (9th Cir. 2007).

Second, even absent that forfeiture, we would deny the petition for review because substantial evidence supports the agency's finding that Castaneda-Andrade did not establish that it is more likely than not that he would be tortured if returned to Mexico. *See Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008). Castaneda-Andrade's reliance on *Cole v. Holder*, 659 F.3d 762 (9th Cir. 2011), is unavailing because the IJ expressly evaluated his expert witness's testimony and the risks the expert identified, and the BIA adopted and affirmed the IJ's analysis

2

"even considering . . . the testimony of [Castaneda-Andrade's] expert witness." The IJ and BIA were not required to find the expert's testimony "persuasive or sufficient to meet the burden of proof" even if it were credible. *Garland v. Ming Dai*, 141 S. Ct. 1669, 1680 (2021). Here, although the IJ did not make an adverse credibility finding, the IJ and BIA still concluded that Castaneda-Andrade's evidence was too speculative to establish a threat of torture particularized to him, and that conclusion is supported by substantial evidence. *See Villalobos Sura v. Garland*, 8 F.4th 1161, 1170 (9th Cir. 2021).

We lack jurisdiction to review whether the IJ applied the correct legal standard to determine if Castaneda-Andrade's aggravated felony conviction was for a "particularly serious crime," 8 U.S.C. § 1231(b)(3)(B)(ii), because Castaneda-Andrade did not submit a brief in his appeal to the BIA, and nothing in his notice of appeal was "sufficient to put the BIA on notice of his claim" that the IJ applied an erroneous legal standard to this claim. *Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010).

**DENIED IN PART AND DISMISSED IN PART.**[1]

---

[1] The temporary stay of removal, *see* Dkt. 1, remains in place until the mandate issues. The motion for a stay of removal, *see id.*, is otherwise denied.