**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL WILBERTO DIAZ-SANDOVAL, | No.  16-72264 |
| Petitioner, | Agency No. A206-734-838 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022**

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Daniel Wilberto Diaz-Sandoval, a native and citizen of El Salvador,

petitions pro se for review of the of the Board of Immigration Appeals' ("BIA")

order dismissing his appeal from an immigration judge's decision denying his

applications for asylum, withholding of removal, and protection under the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Diaz-Sandoval's contentions regarding the merits of his asylum and withholding of removal claims because he failed to raise them before the BIA. *See Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010) ("[Petitioner's] failure to assert [a] claim before the BIA deprived it of the opportunity to address the issue and divests us of jurisdiction to review it.").

Substantial evidence supports the agency's denial of CAT protection because Diaz-Sandoval failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We do not consider the materials referenced in the opening brief that are outside the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**