**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA ROSIBEL URBINA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-4078

Agency No.
A220-939-717

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2025[**]
San Francisco, California

Before: McKEOWN, FORREST, and SANCHEZ, Circuit Judges.

Maria Rosibel Urbina, a native and citizen of El Salvador, petitions for
review of a Board of Immigration Appeals ("BIA") decision dismissing her appeal
of an order from an Immigration Judge ("IJ"). The IJ denied her applications for
asylum, withholding of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Torture ("CAT").

Urbina asserts that the BIA erred in holding that she waived any challenge to the IJ's adverse nexus determination. Urbina claims that the combination of her notice of appeal and brief to the BIA clearly challenged the IJ's finding that Urbina lacked a well-founded fear of future persecution based on her membership in a particular social group ("PSG").[1] We have jurisdiction under 8 U.S.C. § 1252, and we dismiss the petition.

"We review only the BIA's decision except to the extent the decision adopts or relies on the IJ's reasoning, in which case we review both the IJ's and the BIA's decisions." *Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019). We review de novo the BIA's determination of questions of law. *Id.*

Pursuant to the relevant claim-processing rule, we exercise our jurisdiction over a final order of removal only if petitioner "has exhausted all administrative remedies available" to her as of right. 8 U.S.C. § 1252(d)(1). The BIA properly found that Urbina did not meaningfully challenge the IJ's nexus determination. "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." *Bare v. Barr*,

---

[1] Urbina's asylum and withholding of removal applications are based on her alleged membership in two PSGs: (1) Salvadorian women; and (2) single Salvadorian women without male protection.

975 F.3d 952, 960 (9th Cir. 2020) (citations omitted). Although a petitioner "need not use precise legal terminology to exhaust [her] claim," or "provide a well developed argument," the issue *must* be put before the agency to meet the exhaustion requirements. *Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011). "[B]road statements" of error are not sufficient to exhaust a specific claim. *Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010). An issue is not exhausted if, based on the arguments presented, "the BIA . . . had no reason to consider" it. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

Urbina argues that, because her brief to the BIA challenged the IJ's overall conclusion as to well-founded fear, she necessarily challenged the nexus determination. We disagree. Urbina's brief presented too broad a statement of error to have raised the specific issue of nexus. Instead, Urbina chose to make a different argument under the umbrella of well-founded fear: that the "IJ used a wrong standard in evaluating the objectively reasonable prong of well-founded fear of persecution."[2] This argument is "completely unrelated" to the IJ's

---

[2] In her notice of appeal to the BIA, Urbina argued that the IJ "did not consider [her] particular social group and whether it was cognizable under the law." Urbina contends that the arguments raised in her notice of appeal ought to be considered alongside her brief to the BIA. When a petitioner files a brief before the BIA, "the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009). Petitioner will therefore be deemed to have exhausted only those issues she raised and argued in her brief before the BIA. *Id.* Here, Urbina filed a brief to the BIA. Therefore, we decline to consider arguments raised only in her notice of appeal.

determination that the harm Urbina fears would not be inflicted because of a protected ground. *Arsdi*, 659 F.3d at 929 (finding no exhaustion where petitioner raised "completely different objections to the IJ" and failed to "put the BIA on notice" of what he "took issue with"). Because Urbina's brief to the BIA did not raise the IJ's nexus determination, this issue was not adequately exhausted.

We need not address the BIA's conclusions that Urbina did not suffer past harm rising to the level of persecution and that Urbina is ineligible for relief under CAT, because Urbina does not raise these issues in her brief to this Court. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that the Court "need not address" issues that the petitioner did not "specifically and distinctly" argue in his opening brief) (internal quotation marks and citation omitted). Because Urbina failed to exhaust the IJ's nexus determination as required under 8 U.S.C. § 1252(d)(1), we dismiss the petition.

**PETITION DISMISSED.**