NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBIO ALEXANDER GRAMAJO, | No. 18-72358 |
| Petitioner, | Agency No. A200-243-464 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020**

Before: MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Rubio Alexander Gramajo, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

In his opening brief, Gramajo states that he does not challenge the agency's adverse credibility determination. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Substantial evidence supports the agency's finding that Gramajo's corroborative evidence did not independently establish his eligibility for withholding of removal. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to independently support claim). Thus, Gramajo's withholding of removal claim fails.

To the extent the social group Gramajo raises in his opening brief differs from what he raised to the agency, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The BIA did not err in finding that Gramajo waived his claim for relief under CAT. *See Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010) (broad statements in the notice of appeal and brief were insufficient to put the BIA on notice of petitioner's claim). We lack jurisdiction to consider Gramajo's

2

contentions as to the merits of relief under CAT because he did not raise this claim

before the BIA.  *See Barron*, 358 F.3d at 677-78.

Gramajo's contention that the agency violated his due process rights fails.

*See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on

a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**