NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS OSVALDO PEREZ, AKA Luis Osvaldo Perez-Diaz,<br><br>               Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>               Respondent. | No.   19-70844<br><br>Agency No. A208-252-259<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Luis Osvaldo Perez, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

We do not address Perez's contentions regarding his eligibility for asylum because his petition arises from withholding only proceedings.

The agency did not err in finding that Perez did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (holding that young men in El Salvador resisting gang violence is too loosely defined to meet the requirement for particularity) *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013); *Arteaga v. Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007) ("'Tattooed gang member' falls outside the Ninth Circuit's definition of social group.").

Substantial evidence supports the agency's determination that Perez otherwise failed to establish the harm he experienced or fears was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Thus, Perez's withholding of removal claim fails.

To the extent that Perez raises claims based on his family membership and political opinion, we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

We also lack jurisdiction to consider Perez's contentions regarding CAT relief because he did not raise them to the BIA. *See id.*; *see also Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010) (broad statements in the notice of appeal and brief were insufficient to put the BIA on notice of petitioner's claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**