NOT FOR PUBLICATION

FILED

OCT 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUZ CECILIA MARTINEZ DE ARIAS, AKA Luz Cecilia Martinez Mora, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-71398 Agency No. A046-687-932 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 13, 2020**
Pasadena, California

Before: GOULD and OWENS, Circuit Judges, and KORMAN,*** District Judge.

Petitioner Luz Cecilia Martinez De Arias ("De Arias") appeals two Board of

Immigration Appeals ("BIA") decisions from December 19, 2013 and April 25,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

2017, which held (1) that De Arias is removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an alien not in possession of a valid entry document at the time of admission, and (2) that she is removable under 8 U.S.C. § 1182(a)(6)(E)(i) for helping her boyfriend attempt to gain unlawful entrance into the United States. De Arias argues that her case should be remanded to the BIA due to her potential citizenship claim. We have jurisdiction, 8 U.S.C. § 1252, and deny the petition.

De Arias is a citizen of Mexico who married a U.S. citizen in 1996. On October 5, 1989, the former Immigration and Naturalization Service issued De Arias a voluntary departure order that required her to leave the country on or before June 5, 1990. De Arias contends that she complied with the order. In 1997, her husband filed a petition on her behalf, which was approved. Soon after, she left the United States to collect the visa at the American Consulate in Mexico. She was admitted as a permanent resident on January 5, 1999. Her husband died on August 25, 2003.

In 2004, De Arias applied for admission to the United States at the border between Mexico and California. She traveled by car with her children and her then-boyfriend, Jose Rojas Villegas ("Rojas"). Rojas presented an altered U.S. passport bearing the name of De Arias' deceased husband. Customs and Border Patrol officers stopped the car for further inspection, and determined that De Arias was inadmissible as an "alien who at any time knowingly has encouraged, induced,

2

assisted, abetted, or aided any other alien to enter or try to enter the United States in violation of law." 8 U.S.C. § 1182(a)(6)(E)(i). She was paroled into the United States, with her parole expiring on July 18, 2004.

Based on De Arias' role in Rojas' attempt to illegally enter the United States, the Department of Homeland Security ("DHS") charged De Arias as removable under 8 U.S.C. § 1182(a)(6)(E)(i). The DHS also charged that De Arias was removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an alien who "at the time of application for admission" lacked a "valid entry document" because she failed to comply with the October 5, 1989 voluntary departure order that self-executed into a deportation order. The immigration judge ("IJ") found De Arias removable on both grounds. The BIA affirmed, and De Arias appealed to us.

We review the BIA's legal conclusions *de novo*. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013). We review the agency's factual findings for substantial evidence. *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009). We review citizenship claims *de novo*. *Martinez-Madera v. Holder*, 559 F.3d 937, 940 (9th Cir. 2009).

We first reject De Arias' argument that her case should be remanded to the BIA for further fact-finding on whether she has a valid citizenship claim. Under 8 U.S.C. § 1252(b)(5)(B), where we find a genuine issue of material fact as to a petitioner's nationality, we must transfer the case to a district court for a new

3

hearing and a decision on the claim. 8 U.S.C. § 1252(b)(5)(B). But if there is no genuine issue of material fact, we decide the claim ourselves. *Id.* § 1252(b)(5)(A).

To show that her paternal grandmother transferred her American citizenship to her father, De Arias must show that before her grandmother gave birth to her father, De Arias' grandmother resided in the United States for ten years, five of which were after her grandmother was fourteen years old. 8 U.S.C. § 1401(a)(7) (1952). De Arias must then show that her father met the same statutory residency requirements to show that *she* inherited citizenship from her father. 8 U.S.C. § 1401(a)(7) (1970).

Here, we conclude that there is no genuine issue of material fact. De Arias offers the following in support of her claim: her paternal grandmother's U.S. passport; her father's birth certificate, which indicates that he was born in Mexico; and her bare assertion that her grandmother was born in the United States, moved to Mexico, and returned to give birth to De Arias' father. She provides no evidence suggesting that her father satisfied the statutory requirements to transfer his citizenship—if it existed at all—to De Arias herself. Transferring this case to a district court is therefore inappropriate, and we deny De Arias' citizenship claim.[1]

---

[1] De Arias' argument that she can claim U.S. citizenship through a novel theory of double constructive retention also fails. In *Runnett v. Schultz*, we held that while the doctrine of constructive retention may apply in *retention* of citizenship cases, it does not apply to *transmittal* of citizenship claims. 901 F.2d 782, 784 (9th Cir. 1990).

Second, we reject De Arias' claim that the BIA erred in upholding her removal under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an alien not in possession of a valid entry document when she re-entered the country in 2004 and applied for permanent resident status. The IJ found that De Arias did not comply with the 1989 voluntary departure order. That finding was supported by substantial evidence, and the BIA properly held that De Arias' failure to comply with the order rendered her removable under the statute. *Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010) .

Third, the BIA correctly held that De Arias was removable for attempted alien smuggling, under 8 U.S.C. § 1182(a)(6)(E)(i). The IJ found that De Arias gave Rojas, her boyfriend at the time, her deceased husband's passport so that he could use it to illegally enter the country. The IJ also determined that De Arias falsely told border officials that Rojas was her deceased husband. Those findings were supported by substantial evidence. And the BIA correctly held that those affirmative acts constituted aiding and abetting under the meaning of the statute. *Sanchez v. Holder*, 704 F.3d 1107, 1109-10 (9th Cir. 2012) (per curiam).

Finally, we lack jurisdiction to consider De Arias' remaining arguments because she failed to administratively exhaust them before the BIA. *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997).

The Petition for Review is **DENIED**.