**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ENRIQUE JUVENCIO MARTINEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-72189

Agency No. A094-762-607

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020[**]

Before:  THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Enrique Juvencio Martinez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT").  Our

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Martinez's request for oral argument, set forth in the opening brief, is denied.

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Martinez failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (applicant must demonstrate "membership in [a] particular social group" (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (BIA 2014))). Thus, his withholding of removal claim fails.

The BIA did not err in not addressing a family-based social group claim because Martinez failed to sufficiently notify the BIA of an issue to decide, *see Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010) (broad statements in the notice of appeal and brief were insufficient to put the BIA on notice of petitioner's claim), and we lack jurisdiction to consider Martinez's contentions as to his family-based claim that were not raised to the agency, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence also supports the agency's denial of CAT relief because Martinez failed to show it is more likely than not he will be tortured if returned to

El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Martinez's contention that the agency did not consider evidence is unsupported by the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

As stated in the court's November 17, 2015 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**